UNITED STATES of America,
Appellee,

v.

Barry James MUSI,
Defendant-Appellant.

No. 74–1373.

United States Court of Appeals,
First Circuit.

Argued April 9, 1975.

Decided April 30, 1975.

Edward F. Haber, Boston, Mass., by appointment of the court, for appellant.

Robert B. Collings, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, McEN-TEE and CAMPBELL, Circuit Judges.

PER CURIAM.

The sole issue presented on this appeal is whether appellant has been successful in his efforts to distinguish this court's recent decision in United States v. Golon, 511 F.2d 298 (1st Cir. 1975). Appellant claims that the district court should have dismissed the indictment against him because he was not prosecuted as speedily as required by 50 U.S.C. Appendix § 462(c). The statute provides:

"The Department of Justice shall proceed as expeditiously as possible with a prosecution under this section, or with an appeal, upon the request of the Director of Selective Service System or shall advise the House of Representatives and the Senate in writing the reasons for its failure to do so."

The defendant in Golon argued that the statute was brought into operation when the State Selective Service Headquarters reported him for prosecution by sending a letter to the United States Attorney, but the court held "that the section must be read to require a specific request beyond the standard referral for prosecution." 511 F.2d at 301.

Appellant's contention that here there was an adequate request for expeditious prosecution is based on two

exchanges of letters between the State Director of Selective Service and the National Director. On March 9, 1971 the State Director sought the National Director's approval to report appellant for prosecution, but on April 1 the request was denied pending further action by the state office. A second request was submitted on April 6, and this time the National Director, by his counsel, replied that appellant "should be reported to the United States Attorney for prosecution." This was done on June 25, when the State Director wrote to the U. S. Attorney. A final letter, stating that the National Director had determined that appellant should be prosecuted, was sent to the U. S. Attorney on August 10 by a Selective Service Regional Attorney.

None of these letters constitutes the specific request for expeditious prosecution required by § 462(c). As the recital above indicates, these communications, required by then-existing regulations, were those which led up to and constituted the "standard referral for prosecution", there being nothing to indicate that the National Director was requesting that the processing by the U. S. Attorney's office be different than that called for by the usual procedures. Appellant emphasizes that some of the communications were sent by the national office, while in *Golon* the only letter on record had been sent by the State Selective Service Headquarters. That fact does not, however, transform a standard referral into the special request for speedy prosecution required by the statute. Moreover, the *Golon* result was not founded on a determination that an act of the State Headquarters was not fully that of the Director of Selective Service for purposes of § 462(c). We indicated that the statutory issue would be resolved adversely to the defendant even if the letter had been from the National Director rather than the State Headquarters. 511 F.2d at 302 n. 2.

Since § 462(c) is not applicable, appellant's claim that he was entitled to dismissal of the indictment as a result of excessive pre-indictment delay must be rejected. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

Affirmed.